## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**DION LEWIS (#372552)**                          **DOCKET NO. 5:16-CV-1106**

**VERSUS**                                        **JUDGE S. MAURICE HICKS, JR.**

**RICHARD STALDER, ET AL**                        **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Dion Lewis ("Lewis") (#372552).  Lewis is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Lewis labels his complaint as one for declaratory judgment and permanent injunctive relief, and he asks that his conviction and sentence be overturned and that he be released from prison.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Statement of the Case

Lewis claims that he was the victim of racially discriminatory practices of the District Attorney, which resulted in Lewis's conviction of an unspecified crime.  Thus, Lewis appears to complain that his constitutional rights were violated during jury selection in a criminal matter.

### Law and Analysis

To the extent that Lewis seeks to have his conviction overturned, such relief is not available by way of a civil rights action.  See Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997).  A § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures; a habeas  action is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement.  See Cook v. Texas Dept. of Criminal Justice Planning Dept., 37 F.3d 166, 168

(5th Cir. 1994).  However, Lewis should note that, prior to filing a federal habeas corpus petition,

a state prisoner must exhaust available state court remedies as to each and every ground upon which

he claims entitlement to habeas corpus relief.  See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th

Cir. 1987), cert. denied, 484 U.S. 956 (1987); Rose v. Lundy, 455 U.S. 509 (1982). Since the relief

sought -having his conviction overturned - is not available through a § 1983 action, Lewis's claim

should be dismissed.

To the extent that Lewis seeks prospective injunctive relief and declaratory judgment under

§ 1983, his claim also fails.  If a claim under § 1983 would necessarily imply the invalidity of a

plaintiff's conviction or sentence, it is generally precluded by Heck v. Humphrey, 512 U.S. 477

(1994). The prisoner is not allowed to seek § 1983 relief until "the conviction or sentence has been

reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determinations, or called into question by a federal court's issuance of a

writ of habeas corpus." Id. "Thus, when a state prisoner seeks damages in a Section 1983 suit, the

district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id.

Lewis asserts that he is entitled to § 1983 relief based on racial discrimination in the selection

of his jury. Success on that claim would absolutely imply the invalidity of his conviction. Thus,

Lewis's claim is barred by Heck. See Summers v. Eidson, 206 Fed. Appx. 321 (5th Cir. 2006)

(applying Heck to claim for injunctive and monetary relief); Shaw v. Harris, 116 Fed. Appx. 499,

500 (5th Cir. 2004) (same); Clarke v. Stalder, 154 F.3d 186, 190–91 (5th Cir. 1998) (en banc)

(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's

conviction may be dismissed subject to the rule of <u>Heck</u>), <u>cert. denied</u>, 525 U.S. 1151 (1999).
Therefore, Lewis's § 1983 claim for declaratory and injunctive relief should be dismissed.

Furthermore, even assuming Lewis could overcome the issues discussed above, he does not
present an actual case or controversy that would allow him to invoke the jurisdiction of the Court
to enjoin the District Attorney from excluding black prospective jurors on the basis of race. Abstract
injury is not enough, and a plaintiff must show that he has sustained or is immediately in danger of
sustaining some direct injury as the result of the challenged official conduct. The injury or threat of
injury must be real and immediate, not conjectural or hypothetical. <u>See</u> <u>City of Los Angeles v.
Lyons</u>, 103 S.Ct. 1660, 1665 (1983). There is no evidence of a real and immediate threat that Lewis
would, in the future, be subjected to an unlawful jury selection process in Caddo Parish.

Accordingly, to the extent that Lewis seeks to have his conviction and sentence overturned,
his claim must be filed pursuant to 28 U.S.C. § 2254. To the extent that Lewis asserts a § 1983 claim
for declaratory and injunctive relief, it must be dismissed with prejudice to being asserted again until
the <u>Heck</u> conditions are met. <u>See</u> <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

## Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Lewis's § 1983 complaint be
**DENIED** and **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A, until
such time as the <u>Heck</u> conditions are met.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this
recommendation have **fourteen (14) days** from service of this Report and Recommendation to file
specific, written objections with the Clerk of Court. A party may respond to another party's

objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before rendering a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 24th day of October, 2016.

Karen L. Hayes
United States Magistrate Judge

4